1

2

3                                                              E-Filed   08/20/09

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JAMES WILSON CALLOWAY,
                                           NO. C-02-05882-RMW
           Petitioner,
12                                         ORDER DENYING PETITIONER'S MOTION
       v.                                  FOR SUMMARY JUDGMENT AND
13                                         GRANTING RESPONDENT'S REQUEST
    RONALD M. WHITE, Warden,                THAT PETITION BE DENIED
14
           Respondent.                     [Docket Nos. 22, 37]
15

16

17         Petitioner James W. Calloway moves for summary judgment on his first amended petition

18  for a writ of habeas corpus.[1]  Respondent opposes and argues that the petition should be denied

19  based on petitioner's inability to demonstrate in his motion for summary judgment or in his petition

20  that the state appellate court's rulings regarding his constitutional claims were contrary to, or an

21  unreasonable application of, United States Supreme Court precedent.  The court hereby denies

22  petitioner's motion for summary judgment and further finds that the first amended petition does not

23  set forth a basis for finding that the state appellate court's rulings regarding petitioner's constitutional

24  claims were contrary to, or an unreasonable application of, United States Supreme Court precedent.

25

26         [1]Petitioner who is represented by counsel recently filed a lengthy "expansion of record . . .
    motion to correct unlawful sentence . . . ."  He did not seek leave to amend his petition nor does he
27  appear to be asserting a claim not covered by the amended petition and motion for summary judgment
    filed by his counsel.  Accordingly, the court does not separately address this filing.
28
    ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND GRANTING RESPONDENT'S REQUEST THAT
    PETITION BE DENIED
    No.  C-02-05882-RMW
    rmw:jc                                          1

1    Therefore, petitioner's claims for relief are denied.

2          On February 26, 2001 petitioner, a sex offender, was found guilty of willfully failing to

3    inform a law enforcement agency of his new address within five days of moving in violation of

4    Penal Code section 290(f)(1).  Petitioner was also found to have suffered two prior "strike"

5    convictions.  The first strike offense was a 1978 rape conviction under California Penal Code §

6    261.3, which is a per se strike offense under California's Three Strikes Law.   The second strike

7    offense was a 1993 assault conviction under Penal Code § 245(a)(1).  Unlike the rape offense, a

8    felonious assault is not a per se strike offense, but rather is a strike if the defendant personally

9    inflicted great bodily injury.  *People v. Rodriguez*, 17 Cal. 4th 253, 261 (1998).  In a bifurcated

10   proceeding the court determined that Calloway did inflict great bodily injury in the commission of

11   the 1993 assault based on the victim's preliminary hearing testimony.  "[I]n response to being asked

12   what kind of injuries she suffered, [the assault victim] testified 'my whole side of my right side was

13   numb, my jaw was messed, very, it was very big . . . , swollen. [The defendant] broke my upper

14   dentures in half, he fractured the bone around my eyes.'" *People v. Calloway*, A094221, California

15   Court of Appeal, First Appellate District, Division Five (September 16, 2002), p. 4.  Petitioner

16   received a sentence of 25 years to life in prison sentence as a result of the subject 2001 conviction.

17         Petitioner makes four arguments in support of his petition for a writ of habeas corpus: (1) the

18   trial court's use of a 1993 preliminary hearing transcript to prove that he personally inflicted great

19   bodily injury in the commission of the assault which was the basis of one of his strike convictions

20   deprived him of his right to confrontation; (2) the trial court's finding that the 1993 assault

21   conviction was a strike because he personally inflicted great bodily injury in its commission

22   deprived him of his right to have a disputed factual issue submitted to a jury and proved beyond a

23   reasonable doubt; (3) his life sentence for a regulatory offense conviction constitutes cruel and

24   unusual punishment; and (4) the State breached a 1993 plea agreement by claiming that petitioner

25   inflicted great bodily injury in the assault that resulted in one of his strike convictions.

26   ///

27   ///

28
ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND GRANTING RESPONDENT'S REQUEST THAT
PETITION BE DENIED
No.  C-02-05882-RMW
rmw:jc                                                    2

1   **I.  Use of 1993 Preliminary Hearing Transcript to Prove Personal Infliction of Great Bodily Injury**

2         In 1993 in Sonoma County petitioner suffered his felonious assault conviction under

3   California Penal Code section 245(a)(1).  Petitioner challenges the trial judge's use of the 1993

4   felonious assault conviction as a strike offense to enhance his sentence in the subject 2001 case

5   because the judge found that petitioner personally inflicted great bodily injury during the assault

6   based upon the preliminary hearing testimony of the victim in the 1993 case without an

7   individualized showing that the victim was currently unavailable to testify.  This, petitioner alleges,

8   violated his right to confront the witnesses against him and his Sixth and Fourteenth Amendment

9   rights to have a jury determine beyond a reasonable doubt whether he personally inflicted great

10  bodily injury.

11        **A.  Petitioner Was Not Deprived of His Right to Confront the Witnesses Against Him**

12        Petitioner's Sixth Amendment confrontation clause claim is governed by the rule set forth in

13  *Ohio v. Roberts*, 448 U.S. 56 (1980).  Although the Supreme Court modified the holding of *Roberts*

14  in *Crawford v. Washington*, 541 U.S. 36, 60 (2004), it has also held that *Crawford* is not to be

15  applied retroactively.  *Whorton v. Bockting*, 549 U.S. 406 (2007).  Under *Roberts*, the Court held

16  that a hearsay statement made by a declarant who is "unavailable" to testify can be admitted at trial

17  without violating the confrontation clause, as long as the statement has a sufficient indicia of

18  reliability, either because the statement falls within a firmly rooted hearsay exception or because

19  there are "particularized guarantees of trustworthiness" related to the statement in question.  *Roberts*,

20  448 U.S. at 66.

21        Under California law, a prosecutor is precluded from presenting evidence outside the record

22  of conviction to prove the underlying circumstances of a prior offense.  *People v. Reed*, 13 Cal. 4th

23  217, 226 (1996).  Thus, a witness who previously testified at a preliminary hearing, is "legally

24  unavailable" to the prosecution for purposes of the trial on a prior conviction.  However, Cal. Evid.

25  Code section 1291(a) permits the admission of prior testimony where the witness is unavailable and

26  the defendant has had an opportunity to cross-examine the witness.  Here, as part of the proceedings

27

28

ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND GRANTING RESPONDENT'S REQUEST THAT PETITION BE DENIED
No.  C-02-05882-RMW
rmw:jc                                                              3

1  that resulted in the felonious assault conviction, petitioner had the opportunity to cross-examine the

2  victim at the preliminary hearing concerning whether petitioner inflicted great bodily injury.

3       Petitioner relies on *Gill v. Ayers*, 342 F.3d 911 (9th Cir. 2003) for support of his claim that

4  he was denied the right to confront the victim witness.  In *Gill*, the court held that denying a

5  defendant in a recidivism case the opportunity to testify about a prior offense was a violation of Due

6  Process.  *Gill*, however, does not deal with the question of whether legal unavailability of a witness

7  deprives a defendant of his right of confrontation or whether the right to cross-examine at a

8  preliminary hearing at a prior trial is sufficient to allow testimony from that preliminary hearing to

9  be admitted at a subsequent trial to prove that the prior conviction should be considered a strike in

10  the subsequent case.  In the instant case, Calloway neither attempted to testify about the 1993 assault

11  himself nor call the victim to testify.  Therefore, *Gill* does not apply to the present case and the court

12  need not decide whether Calloway's Constitutional rights would have been violated had he attempted

13  to call the victim as a witness or proposed to testify himself and been refused the opportunity.  *See*

14  *Esparza v. Lockyer*, 2001 WL 1528384 (N.D.Cal 2001) (the defendant did not seek to have the

15  witnesses produced or to cross-examine them anew, he only objected on hearsay grounds to

16  admission of their prior testimony).

17  **B.  Petitioner Had No Federal Constitutional Right to a Jury Trial on His Prior Conviction**

18

19       Petitioner contends that the state appellate court erroneously concluded that it was not a

20  violation of his due process right to a jury trial and proof beyond a reasonable doubt on all factual

21  issues to allow the trial court, rather than a jury, to make a critical factual finding that rendered his

22  prior conviction a strike.  *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).  In the instant case, the

23  court of appeal held that whether petitioner personally inflicted great bodily injury was a "recidivism

24  issue" and was not related to the elements of the current charges.  Petitioner was afforded all

25  necessary procedural safeguards, including notice of the charges and the opportunity to cross-

26  examine the witnesses against him, at the preliminary hearing during the 1993 proceeding resulting

27  in his felonious assault conviction.

28

ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND GRANTING RESPONDENT'S REQUEST THAT PETITION BE DENIED
No.  C-02-05882-RMW
rmw:jc                                                  4

1   In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) the Supreme Court held that the

2   fact of a prior conviction is merely a sentencing factor which can be considered upon a subsequent

3   conviction as opposed to an element of the subsequent charged offense.  The question here is

4   whether the facts surrounding a prior conviction fall within the scope of the *Almendarez-Torres*

5   exception.  In *People v. McGee*, 38 Cal. 4th 682, 687 (2006), the California Supreme Court

6   specifically held that a court may make a determination as to whether a prior conviction qualifies as

7   a strike conviction without disobeying the rules set forth in *Apprendi v. New Jersey*, 530 U.S. 466

8   (2000).  Similarly, in *United States v. Santiago*, 268 F.3d 151 (2d. Cir. 2001), Judge Sotomayor

9   wrote in a unanimous decision:

10   
11   
12   
13
> In short, we read *Apprendi* as leaving to the judge, consistent with due process, the task of finding not only the mere fact of previous convictions but other related issues as well.  Judges frequently must make factual determinations for sentencing, so it is hardly anomalous to require that they also determine the "who, what, when, and where" of a prior conviction. Whether this exception to the rule announced in *Apprendi* extends to all issues related to recidivism, we need not decide at this time . . . .

14   *Id.* at 156-7.  However, the Ninth Circuit has stated that the exception should be construed narrowly

15   and has set guidelines that are more restrictive than those in some other circuits.  *See Butler v.*

16   *Curry*, 528 F. 3d 624, 643-48 (9th Cir. 2008).  Nevertheless, even if *Butler* suggests that the

17   *Almendarez-Torres* exception should not extend to a determination of whether a defendant's prior

18   assault conviction involved the personal infliction of great bodily injury, there is no Supreme Court

19   precedent clearly establishing such a rule.  In other words, the making of such a determination does

20   not represent an action contrary to clearly established federal law as determined by the Supreme

21   Court of the United States.  *See Kessee v. Mendoza-Powers*, --- F.3d ----, 2009 WL 2170081 (C.A.9

22   (Cal.).  In light of the status of Supreme Court precedent, the court does not find that the decision of

23   the California appellate court was contrary to, or an unreasonable application of, United States

24   Supreme Court precedent.

25
26   **II.  Petitioner's Life Sentence Does Not Constitute Cruel and Unusual Punishment under the 8th Amendment**

27
28

1    Petitioner contends that his sentence of 25 years to life constitutes cruel and unusual

2  punishment in violation of the Eighth Amendment because it is grossly disproportionate to his

3  conviction for failure to register a change of address.  Petitioner had a significant record at the time

4  he was sentenced for his registration violation.  That record included: (1)  a 1978 forcible rape

5  conviction aggravated because a dangerous weapon was used; (2) a 1982 hit-and-run misdemeanor

6  conviction; (3) a 1987 felony assault conviction in which petitioner used an object to hit the victim

7  on the forehead; and (4) a 1993 felony assault conviction with a prison prior.  Petitioner relies in

8  large part on *People v. Carmony*, 127 Cal. App. 4th 1066 (2005) to support his position.  In

9  *Carmony*, the court held that a 25 years to life sentence for a failure to register conviction violated

10  the Eighth Amendment.  *Id.* at 1084.  However, the facts in *Carmony* are distinguishable and do not

11  reflect as serious a concern as those in petitioner's case.  Carmony merely failed to update his sex

12  offender registration within five days of his birthday.  *Id.* at 1071.  He had registered at his correct

13  address for months prior to his birthday and his parole agent was aware that his registration

14  information had not changed since his last register.  *Id.* at 1072, 1077-78, 1088.  In contrast,

15  petitioner's failure to register his change of address meant that law enforcement did not have

16  petitioner's current address and therefore could not easily locate him.  The purpose of the sex

17  offender registration law is to require that the offender identify his present address to law

18  enforcement authorities so that he or she can be readily available for police surveillance.  *Id.* at

19  1072; *People v. Meeks*, 123 Cal.App. 4th 695, 709 (2004).

20

21    Petitioner also points to the recent case of *Gonzalez v. Duncan*, 551 F.3d 875 (2008) which

22  reached a similar result as *Carmony*.  However, the court in *Gonzalez* specifically distinguished the

23  seriousness of a mere failure to up-date a registration within five days of one's birthday and a failure

24  to register a change of address:

25    290(a)(1)(A)'s[2] mandate that sex offenders register any change of address relates
     directly to the state interest in ensuring that it knows the whereabouts of its sex

26

27  _____

     [2]§ 290(a)(1)(A) is the new code section which is the same as the former § 290(f)(1).
28

ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND GRANTING RESPONDENT'S REQUEST THAT
PETITION BE DENIED
No.  C-02-05882-RMW
rmw:jc

1    offenders.  As noted by the California Supreme Court, "[e]nsuring offenders are
     readily available for police surveillance depends on timely change-of-address
2    notification." [*Wright v. Superior Court*, 15 Cal.4th 521, 63 Cal.Rptr..2d 322, 936
     P.2d 101, 105] (internal quotations marks and citations omitted).  A jury, however,
3    acquitted Gonzalez of the charge he violated this requirement.  Accordingly we adopt
     the jury's implicit determination that Gonzalez was living at his registered address
4    throughout the relevant time period in this case.

5    By contrast, § 290(a)(1)(D)'s annual registration requirement, which Gonzalez was
     convicted of violating, is only tangentially related to the state's interest in ensuring
6    that sex offenders are available for police surveillance.  Annual registration is merely
     a "backup measure to ensure that authorities have current accurate information."
7    *People v. Carmony*, 127 Cal.App.4th 1066, 26 Cal.Rptr.3d 365 [citations omitted]
     (2005).  Failure to comply with the annual registration requirement is "the most
8    technical violation of the section 290 registration requirement," and "by itself, pose[s]
     no danger to society."  *People v. Cluff*, 87 Cal.App.4th 991, 105 Cal.Rptr.2d 80
9    [citations omitted] (2001).

10   551 F.3d at 884.  In the instant case, law enforcement did not have Calloway's address for several

11   months because he failed to register his change of address.  In *Chavez v. Kernan*, 2005 WL 1514059

12   (N.D.Cal.), a case similar to the current one, the court also pointed out the importance of the

13   distinction between a mere failure to update an address and the failure to register a change and

14   specifically distinguished *Carmony*:

15

16   A 25-to-life sentence under the Three Strikes Law for a failure-to-register conviction
     was held to violate the Eighth Amendment in *People v. Carmony*, 127 Cal.App.4th
     1066, 1084 2005), but that case is distinguishable on the facts. Carmony was
17   prosecuted for failing to update his registration within five days of his birthday.  The
     court viewed Carmony's failure to update as a technical violation because his parole
18   agent was aware that his registration information had not changed since he registered
     a month earlier and Chavez was arrested at the address at which he had registered.
19   By contrast, Chavez had failed to register a change of address so the registration on
     file would not have enabled authorities to find him. The court did not consider a
20   failure to register a change of address to be the same kind of technical violation as
     Carmony had committed.  It cannot be said that requiring Chavez to register upon a
21   change of address "served no stated or rational purpose of the registration law and
     posed no danger or harm to anyone." Chavez's failure to register his change of
22   address defeated the core purpose of the registration requirement--enabling police to
     keep track of sex offenders. *Carmony* thus does not aid Chavez's cause.
23         When viewed in light of his criminal history and current felony offense,
     Chavez's is not that " 'rare case in which a threshold comparison of the crime
24   committed and the sentence imposed leads to an inference of gross
     disproportionality."
25
     *Id.* at *10 (internal citations omitted).  Although the court finds petitioner's sentence harsh, it does
26
     not find that it violates the Eighth Amendment.
27

28
     ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND GRANTING RESPONDENT'S REQUEST THAT
     PETITION BE DENIED
     No.  C-02-05882-RMW
     rmw:jc

**III.  There Was No Breach of Petitioner's 1993 Plea Agreement**

Petitioner contends that the use of his 1983 prior felony assault conviction as a strike breached his plea agreement, thereby depriving him of his due process rights under the Fourteenth Amendment.  The United States Supreme Court has held that if a plea agreement rests in any significant degree on a prosecutor's promise so that it can be said to be part of the defendant's inducement or consideration, then such a promise must be fulfilled.  *Santobello v. New York*, 404 U.S. 257, 262 (1971).  A due process violation occurs if the Government breaches a significant express or implicit term of the plea agreement.  *Id*. at 262-3.  In this case, the evidence does not suggest that the State agreed not to use petitioner's 1993 assault conviction as a strike in a subsequent criminal proceeding.  Rather, the record reflects that petitioner received the benefit of his 1993 bargain and nothing was said that ruled out the possibility that his 1993 conviction and the circumstances of the offense could later be used as an enhancement allegation.  *See People v. Blackburn*, 72 Cal. App. 4th 1520 (1999); *see also United States v. Brownlie*, 915 F.2d 527 (9th Cir. 1990).  Therefore, no due process violation occurred.

**IV.  Certificate of Appealability**

In a habeas corpus proceeding, the final order is not subject to review unless a judge issues a certificate of appealability.  28 U.S.C. § 2253.  Here, the issues are such that reasonable jurists would find the court's assessment of the constitutional claims debatable.  Therefore, petitioner is entitled to a certificate of appealability on all the issues raised.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

//

//

//

ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND GRANTING RESPONDENT'S REQUEST THAT PETITION BE DENIED
No.  C-02-05882-RMW
rmw:jc

1    **V.  Order**

2

        For the reasons stated, the court denies petitioner's motion for summary judgment and
3

4    grants respondent's request for dismissal of the petition.  A certificate of appealability is issued

      on all claims raised by petitioner.
5

6

      DATED: August 20, 2009                       _Ronald M Whyte_____
7
                                                    RONALD M. WHYTE
8                                                   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND GRANTING RESPONDENT'S REQUEST THAT
PETITION BE DENIED
No.  C-02-05882-RMW
rmw:jc